IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELINDA F.,[1]

     Plaintiff,

v.                                          No. 1:25-cv-00567-DHU-LF

FRANK BISIGNANO, Commissioner
of the Social Security Administration,

     Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on plaintiff Melinda F.'s Motion to Reverse and

Remand (Doc. 14) filed on September 12, 2025.  On September 18, 2025, United States District

Judge David Urias referred this case to me "to conduct hearings, if warranted, including

evidentiary hearings, and to perform any legal analysis required to recommend to the Court an

ultimate disposition of the case."  Doc. 15.  Having read the briefing, meticulously reviewed the

record, and being fully advised in the premises, I recommend that the Court find that the

Administrative Law Judge ("ALJ") committed harmful error when assessing the functional

limitations of Plaintiff's moderate limitations in concentration, persistence, or pace.  I further

recommend that the Court remand this matter to the Commissioner for further administrative

proceedings rather than for an immediate award of benefits.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of
the non-governmental party in this case.

## I.      Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation modified). The Court must meticulously review the entire record, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003)). A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* (quoting *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988)). While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent

---

[2] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981, as it is in this case.

[the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. Fed. Aviation Admin.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). However, if the Court determines that the ALJ failed to apply the correct legal standard, "there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## II.    Applicable Law and Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv); *see Grogan*, 399 F.3d at 1261. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

### III.    Background and Procedural History

Plaintiff was 47 years old at the time of the alleged disability onset date and has a college education.  AR 32–33, 45.[4]  Plaintiff has worked as a self-employed documentary filmmaker. AR 32, 46–48.  Plaintiff filed an application for Disability Insurance Benefits on July 26, 2022, alleging disability during a closed period between November 7, 2021, and June 30, 2023; after June 30, 2023, Plaintiff medically improved to the point that she was able to increase her work hours.  AR 19.  The Social Security Administration ("SSA") denied her claim initially on May 2, 2023, and on reconsideration on November 2, 2023.  *Id.*  Plaintiff requested a hearing before an ALJ.  *Id.*  On June 26, 2024, ALJ William Reeves held an online video hearing.  *Id.*  ALJ Reeves issued his unfavorable decision on July 26, 2024.  AR 16.

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2026.  AR 21.  At step one, the ALJ found that Plaintiff had not engaged in substantial, gainful activity between November 7, 2021, and June 30, 2023.  *Id.*  At step two, the ALJ found that Plaintiff's status-post Covid with residual deficits ("Long Covid"), chronic arrhythmias, depression, and anxiety were severe impairments.  AR 22–23.  At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  AR 22–24.  Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Plaintiff's RFC.  AR 24–32.  The ALJ found that Plaintiff had the RFC to perform

---

[4] Document 11 and its eight attachments are the sealed Administrative Record ("AR").  When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

> sedentary work as defined in 20 CFR 404.1567(a) except she could stand/walk for four of eight hours and sit for six of eight hours.  She could not climb ladders, ropes, or scaffolds.  She could frequently climb ramps and stairs, and frequently stoop, kneel, crouch, and crawl.  She could have frequent exposure to extreme heat, extreme cold, and to odors, dusts, fumes, and gases.  She could have occasional exposure to moving machinery.  She could understand, remember, and carryout [sic] simple instructions.

AR 24.

At step four, the ALJ concluded that Plaintiff was not capable of performing her past relevant work as a Documentary Film Developer and Camera Operator.  AR 32.  At step five, the ALJ found that Plaintiff was able to perform work that existed in sufficient numbers in the national economy, including work as an addresser, tube operator, or touch up screener.  AR 33–34.  The ALJ thus found Plaintiff not disabled at step five.  AR 34.

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision; the Appeals Council denied the request for review on April 29, 2025.  AR 1.  Plaintiff timely filed her appeal to this Court on June 17, 2025.  Doc. 1.[5]

### IV.    Plaintiff's Claims

Plaintiff raises three main arguments for reversing and remanding this case.  Plaintiff first argues that Plaintiff's RFC is not based on substantial evidence because the ALJ's findings are inconsistent:  the ALJ found that Plaintiff had moderate limitations in concentration, persistence and pace but failed to account for these limitations in the RFC.  *See* Doc. 14 at 4–7.  Plaintiff also asserts that the ALJ improperly discounted her subjective allegations of fatigue and other symptoms.  *See id.* at 7–12.  Plaintiff next argues that the ALJ improperly assessed the opinion of her primary care provider, PAC Heather Dountas.  *Id.* at 14–20.  Plaintiff's final argument is that

---

[5] A claimant has sixty days to file an appeal.  The sixty-day period begins running five days after the decision is mailed.  20 C.F.R. § 404.981; *see also* AR 3.

the ALJ improperly assessed the opinion of PMHNP-BC Christina Solberg. *Id.* at 20–25. Plaintiff asks the Court to remand this case to the Commissioner for an immediate award of benefits, or alternatively, a rehearing. *Id.* at 25–27. I recommend that the Court remand this matter for a rehearing because the ALJ failed to follow the correct legal standards when assessing Plaintiff's moderate mental limitations in determining her RFC, and this error was not harmless. The Court need not address Plaintiff's remaining claims of error because they may be affected by the ALJ's treatment of the case on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

    **V.**    **Analysis**

        A.  <u>The ALJ committed harmful error when assessing Plaintiff's RFC.</u>

Plaintiff challenges the RFC in part because of alleged inconsistencies between the ALJ's step three findings and the limitations assessed in the RFC. Doc. 14 at 6–7. Plaintiff argues that the RFC provides no limitation in the domain of concentration, persistence, or pace despite the ALJ's finding at step three that Plaintiff had moderate limitations in that domain. *Id.* The Commissioner argues that the RFC's limitation to understanding, remembering, and carrying out simple instructions adequately accounted for Plaintiff's moderate limitations in concentration, persistence, and pace. Doc. 19 at 16–17.

An ALJ uses a "special technique" to evaluate the severity of mental impairments when determining whether a claimant has a medically determinable impairment or combination of impairments. *Martinez v. O'Malley*, No. 1:23-cv-00093-MLG-KK, 2024 WL 808868, at *8 (D.N.M. Feb. 27, 2024), *proposed findings and recommendation disposition adopted by* 2024 WL 5715912 (D.N.M. Mar. 13, 2024). This technique requires the ALJ to "rate the degree of functional limitation resulting from" any medically determinable mental impairment in "four

broad functional areas." 20 C.F.R. § 404.1520a(b)–(c). One of these functional areas is the ability to "concentrate, persist, or maintain pace." 20 C.F.R. § 404.1520a(c)(3). Limitations in each area must be rated as "[n]one, mild, moderate, marked, [or] extreme"; if the ALJ rates the limitation as "none" or "mild," the ALJ generally concludes that the impairment is not severe. 20 C.F.R. § 404.1520a(c)(4), (d)(1).

While a claimant must have at least one severe impairment or combination of impairments for the ALJ to proceed past step two, the ALJ must consider all of the claimant's medically determinable impairments, whether severe or not, when assessing the claimant's RFC. *Wells v. Colvin*, 727 F.3d 1061, 1068–69 (10th Cir. 2013). An ALJ's finding of moderate limitation in concentration, persistence, or pace "does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment," *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015), but the ALJ either must include corresponding limitations in the RFC or explain why those limitations were omitted from the RFC, *Willie v. Saul*, No. 1:19-cv-00329-SMV, 2020 WL 2065286, at *4 (D.N.M. Apr. 29, 2020); *see also Jamarillo v. Colvin*, 576 F. App'x 870, 876 (10th Cir. 2014) (explaining that a moderate limitation "supports the conclusion that the individual's capacity to perform the activity is impaired . . . and therefore must be related with sufficient precision . . . in an RFC finding") (internal citation omitted)). "[T]he RFC assessment must include a narrative discussion describing how the evidence *supports each conclusion*," *Wells*, 727 F.3d at 1069, and the discussion must allow a reviewing court to follow the ALJ's reasoning, *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

There is no rule that a general limitation to unskilled work adequately accounts for any mental health limitation. *Willie*, 2020 WL 2065286, at *5; *see Vigil*, 805 F.3d at 1204 ("There may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a

claimant's mental limitations."). Further, the Tenth Circuit has found that a bare limitation to simple work or instructions, without more explanation, does not adequately incorporate a finding that a claimant has a moderate limitation in concentration, persistence, or pace. *See Miranda v. Barnhart*, 205 F. App'x 638, 640, 643 (10th Cir. 2005) (concluding that an RFC with a limitation to "no complex tasks (simple, rote, repetitive tasks with one or two-step instructions)" contained no restrictions regarding a claimant's "moderate difficulties in the areas of concentration, persistence, or pace"); *Weiderholt v. Barnhart*, 121 F. App'x 833, 839 (10th Cir. 2005) (concluding that an RFC's limitation to "simple, unskilled" tasks "omitted, without explanation, impairments that [the ALJ] found to exist, such as moderate difficulties maintaining concentration, persistence, or pace"). The Tenth Circuit has upheld such limitations as adequately accounting for moderate limitations in that domain only when the ALJ has explained with specificity how a limitation to simple work accounted for those moderate limitations. *See Vigil*, 805 F.3d at 1203–04 (the ALJ found some problems in the domain that would limit the claimant from performing complex tasks but also found that the claimant "retained enough memory and concentration to perform at least simple tasks") (citation modified)); *Carver v. Colvin*, 600 F. App'x 616, 620–21 (10th Cir. 2015) (a limitation to simple instructions was appropriate where the ALJ found persuasive that the claimant could at most "concentrate and persist on moderately complex tasks during a normal work day.").

In this case, the ALJ considered the severity of Plaintiff's mental impairments in the four broad areas of functioning at step three. AR 23–24. The ALJ concluded that Plaintiff "had a moderate limitation" in "concentrating, persisting, or maintaining pace." AR 23. The ALJ cited Plaintiff's reports of concentration problems and fluctuating ability to pay attention. *Id.* The ALJ noted that Plaintiff "did not complete what she started," but also that a neurological

8

examination revealed "she had normal attention and comprehension and followed three-step commands." *Id.* The ALJ further discussed Plaintiff's mental impairments when assessing her RFC. AR 28–29. The ALJ noted Plaintiff's "brain fog, fatigue, and concentration and memory problems," but cited a neurological examination that revealed her to have "normal attention." AR 28. The ALJ cited a subsequent neurology visit where Plaintiff "endorsed tiredness and concentration/memory problems," but upon "examination, she was oriented with appropriate mood/affect, normal insight and judgment, and normal memory." AR 29. Nonetheless, in discussing the medical opinions, the ALJ found unpersuasive a state agency consultant's opinion that Plaintiff could "attend and concentrate for two hours at a time" because the evidence showed that Plaintiff "had moderate limitations with concentration, persistence, and pace." AR 31. The RFC, however, does not explicitly refer to Plaintiff's limitations in concentrating, persisting, or maintaining pace, nor does the ALJ elsewhere explain why a limitation regarding Plaintiff's ability to concentrate was omitted from the RFC.

The Commissioner argues that the ALJ referred to Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace in his statement that, "[b]ecause of brain fog, depression, and anxiety with attendant cognitive effects, she could understand, remember, and carryout [sic] simple instructions." Doc. 19 at 17 (quoting AR 29). But this explanation addresses the ALJ's finding of a moderate limitation in another domain: understanding, remembering, or applying information. *Compare* AR 23 *with* AR 29. It does not address Plaintiff's moderate limitations in concentration, persistence and pace. The ALJ found a state agency consultant's opinion that Plaintiff could "attend and concentrate for two hours at a time" unpersuasive, AR 31, yet he failed to include a corresponding limitation in the RFC relating to concentration, persistence and pace, nor did he explain why he omitted this limitation. The

9

omission of this limitation or any explanation justifying the omission is particularly significant considering the vocational expert's testimony as to whether Plaintiff could perform other jobs in the national economy. *See* AR 72. At the hearing, the vocational expert testified that a person who "could not persist or maintain their attention for up to two hours at a time" would be unable to perform not only the jobs listed in step five but also "any other competitive employment." *Id.*

The ALJ's analysis here is more comparable to that in *Miranda* and *Wiederholt* than it is to that in *Vigil* and *Carver*. *Compare* 205 F. App'x at 643 *and* 121 F. App'x at 839 *with* 805 F.3d at 1204 *and* 600 F. App'x at 621. The RFC here does include a limitation to simple instructions, but the ALJ did not explain how this limitation accounts for his finding that Plaintiff had moderate limitations in concentration, persistence, and pace. *See Victoria A.E. v. Bisignano*, No. 1:24-cv-01237-KRS, 2026 WL 851404, at *10 (D.N.M. Mar. 27, 2026) (finding error where the ALJ "did not adequately connect *how* Plaintiff's moderate mental limitations in her ability to concentrate, persist, and maintain pace affected her ability to work"); *see also Alamanza v. Kijakazi*, No. 1:20-cv-01258-LF, 2022 WL 2704271, at *8 (D.N.M. July 12, 2022) (affirming ALJ's RFC assessment where the ALJ "adequately explained why he limited [a claimant] to concentration, persistence, and pace to two-hour increments" after finding her moderately limited in that domain). It therefore is not clear whether the ALJ intended the limitation to simple instructions to account for more than Plaintiff's moderate limitation in understanding, remembering, or applying information. The Court cannot follow the ALJ's reasoning in rejecting an opinion that Plaintiff was able to attend and concentrate for two hours at a time while not including, or at least explaining the omission of, a corresponding limitation in the RFC. *See Wells*, 727 F.3d at 1065; *Keyes-Zachary*, 695 F.3d at 1166.

10

The Commissioner relies primarily on a recent decision from the Seventh Circuit which emphasizes that ALJs are subject to the most minimal articulation requirements.  Doc. 19 at 15 (citing *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024)).  However, in making that statement, the Seventh Circuit addressed the plaintiff's insistence on technical perfection rather than "identifying any substantive error of reasoning."  *Warnell*, 97 F.4th at 1053 (noting that the plaintiff faulted the ALJ for not including pinpoint citations and for summarizing the evidence rather than recounting it in full).  The Commissioner correctly notes that Tenth Circuit precedent is fully in accord with this point.  *See Keyes-Zachary*, 695 F.3d at 1166 (explaining that a reviewing court must be able to follow the ALJ's reasoning but "cannot insist on technical perfection").  Here, however, Plaintiff's claim of error concerns the substance of the ALJ's opinion rather than its form, and the Tenth Circuit has found such an error to be more than technical.  *See Miranda*, 205 F. App'x at 643; *Wiederholt*, 121 F. App'x at 839.  I therefore recommend that the Court find that the ALJ erred in not adequately addressing his finding that Plaintiff had moderate limitations in concentration, persistence, or pace when assessing Plaintiff's RFC.

I further recommend that the Court find that this error was not harmless.  The Court may excuse an ALJ's error as harmless where the Court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005).  As explained above, the ALJ found unpersuasive an opinion that Plaintiff could "attend and concentrate for two hours at a time," yet he did not include, or explain the omission of, a corresponding limitation in Plaintiff's RFC.  *See* AR 31.  The ALJ gave great weight to the vocational expert's testimony in assessing Plaintiff's disability at steps four and five, *see* AR 32–

11

34, and the vocational expert testified that a person unable to concentrate for two hours at a time would be unable to perform any competitive employment, AR 72.  The ALJ did not state that he found this specific testimony of the vocational expert unpersuasive.  It therefore follows that, had the RFC included a limitation on Plaintiff's ability to concentrate and persist for two hours at a time, the ALJ may have found Plaintiff disabled at step five.  *See Victoria A.E.*, 2026 WL 851404, at \*12 (finding harmful error where an ALJ may found a claimant disabled had she adequately considered the claimant's moderate limitations when assessing the RFC).

B.  The Court should remand this matter to the Commissioner for a rehearing rather than an immediate award of benefits.

The Court has discretion to remand this matter to the Commissioner either for a rehearing or for an immediate award of benefits.  *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993).  In determining which remedy is more appropriate, courts consider factors such as "the length of time the matter has been pending" and whether "given the available evidence, remand for additional fact-finding would serve any useful purpose but would merely delay the receipt of benefits."  *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (citation modified); *see also Donna F.P. v. O'Malley*, No. 1:23-cv-00422-JB-LF, 2024 WL 3725633, at \*3 (D.N.M. July 15, 2024), *proposed findings and recommended disposition adopted by* 2024 WL 4002869 (D.N.M. Aug. 30, 2024).

An immediate award of benefits may be appropriate for cases that have been pending for five or six years, especially if the delay is due to the erroneous handling of the case by the Commissioner.  *Donna F.P.*, 2024 WL 3725633, at \*3; *see also Sisco v. U.S. Dep't of Health & Hum. Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (The Commissioner "is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion.") (internal quotations omitted))).  Here, Plaintiff filed for disability

12

benefits on July 26, 2022, about four years ago.  AR 19; *cf. Salazar*, 468 F.3d at 626 (five years had passed since claimant had filed her application).  So far, the case has only been adjudicated before an ALJ, the Appeals Council, and this Court once, and should the Court adopt my recommendations, this will be the first time the case is remanded to the Commissioner.  *Cf. Sisco*, 10 F.3d at 746 (remanding for immediate award of benefits where the plaintiff's "disability has been evaluated by an adjudicatory body no fewer than ten times over the past several years"); *Maldonado v. Kijakazi*, No. 1:22-cv-0554 DLM, 2023 WL 4235637, at *1–* 2, *5 (D.N.M. June 28, 2023) (case had been appealed to federal court three times).  Neither the length of time the case has been pending nor the case's procedural history weighs in favor of remand for an immediate award of benefits.

Remand for an immediate award of benefits also may be appropriate where further fact-finding would be of little use and would only delay an award of benefits.  *Salazar*, 468 F.3d at 626; *see also Mendoza-Martinez v. Kijakazi*, No. 1:20-cv-00310-SMV, 2021 WL 5207074, at *9 (D.N.M. Nov. 9, 2021) ("There is no requirement that the record fully support that the Plaintiff is disabled as a matter of law.") (citation modified)).  However, "remand is more appropriate when the administrative record has not been fully developed, or where the ALJ makes minimal findings that are not supported by adequate evaluation of the evidence in the record."  *Waterfield v. Kijakazi*, No. 1:21-cv-00532-LF, 2022 WL 4378906, at *8 (D.N.M. Sep. 22, 2022).  Here, the Court cannot determine from the ALJ's decision how the ALJ considered Plaintiff's moderate mental limitations in concentration, persistence, or pace when assessing Plaintiff's RFC.  As explained above, the ALJ's consideration of these limitations on remand may result in a finding that Plaintiff is disabled at step five, or the ALJ may properly articulate his reasoning for omitting the limitations in Plaintiff's RFC.  The correction of this legal error on remand therefore

13

would not necessarily result in a delay of an award of benefits. I therefore recommend that the Court remand this matter to the Commissioner for further administrative proceedings rather than an immediate award of benefits.

## VI.    Conclusion

For the foregoing reasons, I recommend that the Court find that the ALJ erred in assessing Plaintiff's RFC and that this error was not harmless. I therefore recommend that the Court grant Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 14) and remand this matter to the Commissioner for further proceedings in accordance with the Court's order. The Court need not address Plaintiff's other claims of error, as they may be affected by the ALJ's treatment of this case on remand. *See Watkins*, 350 F.3d at 1299.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id*. **In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge